Howard BARMAN, et al
vs.
**HEAT TRANSFER DIVISION,
AMERICAN STANDARD**

No. 133487

Superior Court
Commonwealth of Massachusetts

October 30, 1981

Rudin, Herzog, Gladstone, counsel for plaintiff.

Garry Inge, counsel for defendant.

**RULING AND ORDER ON THE PLAINTIFF'S MOTION TO TRANSFER**

## INTRODUCTION

This action came before the court on October 7, 1981 on the plaintiffs' motion to transfer this action to the district court where it was originally filed. The defendant had removed this action to the superior court on the grounds that the damages sought exceed the jurisdictional minimum of $7,500.00 established in G.L.c. 231, § 104. In their complaint the plaintiffs claim treble damages of $15,000 under G.L.c. 93A; they contend, however, that jurisdiction should be based on actual, not treble damages.

## FACTS

In March, 1979, the plaintiffs Howard and Ellen Barman purchased a solar heat system for their new home. The system included a "heat exchanger", manufactured by the defendant, for domestic hot water. The original exchanger allegedly failed in December, 1979, and was later replaced by the defendant. The replacement also failed and was replaced by a larger "Everhot" unit, also manufactured by the defendant, which also allegedly failed in January, 1981. The plaintiffs claim damage to their carpeting, wallboard and other of their property as well as the cost of replacing the defective exchanges. Their c. 93A demand letter suggests actual damages of between four and five thousand dollars. Their complaint seeks "the total sum of $15,000 plus attorney's fees, interest and costs as prescribed by statute."

## RULING

G.L.c. 231, § 102C, provides: "The superior court may of its own motion or on the motion of a plaintiff or defendant, after determination by said court that if the plaintiff prevails, there is no reasonable likelihood that recovery will exceed seven thousand five hundred dollars, transfer for trial any civil action pending in said court to the court from which such action was previously removed..."There is no reported case construing this section on the issue of whether "recovery" means single or treble damages. There is, however, a provision within c. 93A itself which disposes of this

question. Section 9, subsection (3A), provides in part: "the provisions of sections ninety-five to one hundred and ten, inclusive, of chapter two hundred and thirty one, where applicable, shall apply to a claim under this section, except that the provisions for remand, removal and transfer **shall be controlled be the amount of single damages claimed hereunder."** (emphasis supplied)

**ORDER**

As the amount of single damages claimed in this action does not exceed $7,500.00 the plaintiffs' motion to transfer the case back to district court is accordingly allowed.

**Paul G. Garrity, Justice**